# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | |
| JUSTIN L. HARRIS | Case Number: 20-CR-36 (EDWI) and 20-CR-24 (WDWI)<br>USM Number: 17319-089 |
| | Lee D. Schuchart — Defendant's Attorney |
| | William J. Roach — Assistant United States Attorney |

THE DEFENDANT pled guilty to counts two and four (EDWI 20-CR-36) and count two (WDWI 20-CR-24) of the indictment. The Defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Date Concluded | Count(s) |
|---|---|---|---|
| 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. § 2 | **Possession of a Firearm in Furtherance of Crime of Violence** | **January, 2020** | **2 (EDWI)** |
| 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. § 2 | **Possession of a Firearm in Furtherance of Crime of Violence** | **January, 2020** | **4 (EDWI)** |
| 18 U.S.C. § 924 (c)(1) | **Brandish a Firearm During a Crime of Violence** | **January, 2020** | **2 (WDWI)** |

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

All remaining counts are dismissed upon motion of the United States.

IT IS ORDERED, that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and the United States Attorney of material changes in economic circumstances.

Date Sentence Imposed: August 6, 2020

s/ William C. Griesbach
United States District Judge

Date Judgment Entered: September 24, 2020

DEFENDANT: JUSTIN L. HARRIS
CASE NUMBER: 20CR36 (EDWI) and 20CR24 (WDWI)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of sixty (60) months as to count two, sixty (60) months as to count four (EDWI 20-CR-36) and eighty-four (84) months as to count two (WDWI 20-CR-24) which shall be served consecutively for a total amount of two hundred four (204) months imprisonment.

☒ The court makes the following recommendations to the Bureau of Prisons:
The defendant be placed at Oxford, WI, Pekin, IL or a facility nearest to his home.
The defendant participates in the Bureau of Prisons' 500-hour drug treatment program.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
with a certified copy of this judgment.

_____
United States Marshal

_____
By: Deputy United States Marshal

Page **3** of **7**

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case  (Note: Identify Changes with asterisks (*))
DEFENDANT: JUSTIN L. HARRIS
CASE NUMBER: 20CR36 (EDWI) and 20CR24 (WDWI)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of five (5) years as to counts two and four (EDWI 20-CR-36) and five (5) years as to count two (WDWI 20-CR-24) which shall run concurrent to each other for a total term of five (5) years supervised release.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess or use a controlled substance.
   - ☐ You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. (check if applicable)
   - ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
3. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3363 and 3363A or any other statute authorizing a sentence of restitution. *(check if applicable)*
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached pages.

DEFENDANT: JUSTIN L. HARRIS
CASE NUMBER: 20CR36 (EDWI) and 20CR24 (WDWI)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You shall report to the probation office in the district to which you are released within 72 hours of your release from the custody of the Bureau of Prisons and shall report to the probation officer in a manner and frequency as reasonably directed by the Court or probation officer.
2. You shall not leave the district in which he is supervised without permission of the court or probation officer.
3. You shall answer truthfully all inquiries by the probation officer, subject to your Fifth Amendment right against self-incrimination, and follow the reasonable instructions of the probation officer.
4. You shall use your best efforts to support your dependents.
5. You shall use your best efforts to find and hold lawful employment, unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. You shall notify the probation officer at least ten days prior to any change in your place of residence or employment. When such notification is not possible, you shall notify the probation officer within 72 hours of the change.
7. You shall not knowingly go to places or enter buildings where controlled substances are unlawfully sold, used, distributed, or administered.
8. You shall not associate with any persons known by you to be engaged or planning to be engaged in criminal activity. "Associate," as used here, means reside with or regularly socialize with such person.
9. You shall permit a probation officer to visit you at reasonable times at home and shall permit confiscation of any contraband observed in plain view of the probation officer.
10. You shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

DEFENDANT: JUSTIN L. HARRIS
CASE NUMBER: 20CR36 (EDWI) and 20CR24 (WDWI)

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant is to participate in a program of testing to include not more than six urinalysis tests per month and residential or outpatient treatment for drug and alcohol abuse, as approved by the supervising probation officer, until such time as he or she is released from such program. The defendant shall pay the cost of this program under the guidance and supervision of the supervising probation officer. The defendant is to refrain from use of all alcoholic beverages throughout the supervised release term.
2. The defendant is to pay restitution at a rate of not less than $100.00 per month or 10% of his or her net earnings, whichever is greater. The defendant will also apply 100 percent of his or her yearly federal and state tax refunds toward the payment of restitution. The defendant shall not change exemptions without prior notice of the supervising probation officer.
3. The defendant shall not open new lines of credit, which includes the leasing of any vehicle or other property, or use existing credit resources without the prior approval of the supervising probation officer. After the defendant's court-ordered financial obligations have been satisfied, this condition is no longer in effect.
4. The defendant shall submit his or her person, property, house, residence, vehicle, office, papers , computers, other electronic communications or data storage devices, or media, to a search conducted by the United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of their release and that the areas to be searched may contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.
5. The defendant is to provide access to all financial information requested by the supervising probation officer including, but not limited to, copies of all federal and state tax returns. All tax returns shall be filed in a timely manner. The defendant shall also submit monthly financial reports to the supervising probation officer.
6. The defendant shall have no contact with the victim businesses or its employees in this matter (including letters, communication devices, audio or visual devices, visits, or any contact through a third party) without prior written consent of his probation officer, and shall not enter the premises or loiter within 1,000 feet of the victim businesses.
7. The defendant shall participate in the Cognitive Intervention Program, if available, and under the guidance and supervision of his supervising probation officer.

DEFENDANT: JUSTIN L. HARRIS
CASE NUMBER: 20CR36 (EDWI) and 20CR24 (WDWI)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

| **Total Special Assessment** | **AVAA Assessment*** | **JVTA Assessment ** ** | **Total Fine** | **Total Restitution** |
|---|---|---|---|---|
| **$300.00** | | | | ***$3,981.27** |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If a defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| **PAYEE** | **AMOUNT** |
|---|---|
| Boost Mobile<br>Oshkosh, WI 54901 | $1,533.00 |
| Citgo Gas Station<br>Oshkosh, WI 54901 | $1,451.27 |
| Northside Liquor Store<br>Madison, WI 53703 | $500.00 |
| Citgo Gas Station<br>Madison, WI 53703 | $497.00 |
| **TOTAL:** | **$3,981.27** |

☐ Restitution amount ordered pursuant to plea agreement: $_____.

☐ The defendant must pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the ☐ fine ☐ restitution.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

DEFENDANT: JUSTIN L. HARRIS
CASE NUMBER: 20CR36 (EDWI) and 20CR24 (WDWI)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☒ Lump sum payment of $300.00 due immediately

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☒ D, or ☐ F below); or

**C** ☐ Payment in equal monthly installments of not less than $\_\_\_\_\_ or 10% of the defendant's net earnings, whichever is greater, until paid in full, to commence 30 days after the date of this judgment; or

**D** ☒ Payment in equal monthly installments of not less than $100.00 or 10% of the defendant's net earnings, whichever is greater, until paid in full, to commence 30 days after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within 30 days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties: _____

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| *20-CR-36 (EDWI), 20-CR-24 (WDWI) Robert D. O'Neal (2) | | *$3,981.27 | |

☐ The defendant shall pay the cost of prosecution; or ☐ The defendant shall pay the following court costs:

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.